964 A.2d 302

IN THE MATTER OF STEPHEN D. LANDFIELD, AN ATTORNEY AT LAW (ATTORNEY NO. 001991984).

February 13, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–243, concluding that **STEPHEN D. LANDFIELD of SUCCASUNNA,** who was admitted to the bar of this State in 1984, and who was been suspended from the practice of law since November 1, 2004, pursuant to Orders of the Court filed October 1, 2004, May 12, 2005, January 27, 2006, and March 31, 2006, should be suspended from the practice of law for a retroactive period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC*

1.4(b) (failure to communicate with clients), *RPC* 8.1(b) and *Rule* 1:20–6(c)(2)(D) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further determined that prior to reinstatement to practice, respondent should be required to: 1) satisfy all outstanding fee arbitration determinations; 2) submit proof of his fitness to practice; 3) submit proof of his continued medical care and compliance with his prescribed medication regimen; 4) have a certified public accountant assist in the reconstruction his attorney accounts and that following reinstatement, respondent should practice law under supervision and submit quarterly reconciliations of his attorney trust accounts;

And good cause appearing;

It is ORDERED that **STEPHEN D. LANDFIELD** is suspended from the practice of law for a period of six months and until the further Order of the Court, retroactive to July 27, 2006; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until he has satisfied all fee arbitration determinations, as ordered by the Court on October 1, 2004, and May 12, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and by respondent's certification that he continues to take his prescribed medication; and it is further

ORDERED that prior reinstatement to practice, respondent shall engage an accountant to assist him in reconstructing his trust account records, and on reinstatement to practice, respondent shall submit to the Office of Attorney Ethics quarterly reconciliations of his attorney accounts for a period of two years and until the further Order of the Court; and it is further

ORDERED that on reinstatement, respondent shall practice under the supervision of a practicing attorney approved by the

Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.